Green J.,
delivered the opinion of the court.
This is an action of debt in the name of R. S. Cannon, Admr’x., for five hundred dollars, upon the following obligation, as set out in the declaration: “For that whereas, heretofore, to wit: on the 25th day of April, 1836, to wit, in the county of Roane aforesaid, the said defendants, together with one H. S. Purris, who is dead, made, executed and delivered to Newton Cannon, as governor of the state aforesaid, their c.er- *11 tain writing obligatory, signed by the said Henry H. Wiley, in his own proper name, and sealed with his seal, and by the said Clark, by the description of Wm. B. Clark, and sealed with Ms seal, and by the said William S. McEwen, by the style of W. S. McEwen, and sealed with his seal, and by the said Childress, by andnnderthe style of S. L. Childress, and signed with his seal, the date whereof is the day and year last aforesaid, and which said writing obligatory is here now to the court shown, wherein, and whereby the said defendants, and said H. S. Purris dec’d. (and whose executors are not now sued,) held and firmly bound themselves unto Newton Cannon, as governor as aforesaid, in the sum of five hundred dollars, to be well and truly paid to the said Newton Cannon, or his successors in said office.”
The defendants pleaded, 1. Nil debet. 2. A former action for the same cause: and 3. Payment. The plaintiff demurred to the first and second pleas; which demurrer was sustained by the court. On the third plea the jury found for the .plaintiff— and the court refusing a new trial, the defendants appealed to this court. As the plaintiff’s demurrer reachés the declaration, it is unnecessary to notice the pleas.
It is manifest, from the allegations of this declaration, that Rachael S. Cannon has no title to sue. Although the suit is for the use of the state, and the state is the substantial plaintiff, nevertheless, the suit must be brought in the name of the party having the technical legal title.
This declaration sets out a perfectly formal bond, executed by the defendants to Newton Cannon, as governor of Tennessee, whereby they bound themselves to pay five hundred dollars to the said Newton Cannon, as governor aforesaid, or to his successors in said office. By the very terms of the bond,, the legal title rests in the governor of Tennessee for the time being. So soon as Newton.Cannon ceased to be governor, he *12 ceased to have any right to sue on this bond. Of course, no such right exists in his administratrix. But it is said if the defendants, by pleading, had shown the condition to this bond, it would have appeared that it was not taken in conformity to the statutes in such case provided, and was not therefore an official bond — and that it devolved on the defendants to set out the condition.
This position is untenable. The plaintiff must show in the declaration, a good cause of action. This is not done in the present case. Rachael Cannon undertakes to sue on a bond payable to Newton Cannon, governor of Tennessee, and his successors in office. By the terms of the bond, the title rests in the successors, — and if there was a condition which prevented the effect, — and caused it to amount to an obligation to Newton Cannon alone, it was incumbent on the plaintiff to set out such condition in order to show her title.
For these reasons the declaration is bad, and is reached by the demurrer to the pleas. The judgment must be reversed.